Receipt Number

556234

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | | |
|---|---|---|
| GEORGE T. DUNLAP, IV,<br><br>Plaintiff,<br><br>vs.<br><br>WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC, CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case: 2:07-cv-11596<br>Assigned To: Battani, Marianne O<br>Referral Judge: Morgan, Virginia M<br>Filed: 04-09-2007 At 09:21 AM<br>CMP: DUNLAP V. WISCONSIN CENTRAL LT<br>D ET AL<br><br>Trial by Jury Demanded |

## COMPLAINT AT LAW

NOW COME the Plaintiff, GEORGE T. DUNLAP, IV, by and through his attorneys, CRAIG W. CHURCH and HOEY & FARINA, and for his Complaint against the Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC, and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., and states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U. S. Code sec. 56 and Title 28 U. S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all pertinent times, Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., were and are railroad corporations doing business in the State of Michigan.

4. On July 27, 2004, at about 8:30 a.m. and at all pertinent times, Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., owned and operated in interstate commerce a railroad which carried passengers and freight.

5. On July 27, 2004, at about 8:30 a.m. and at all pertinent times, Plaintiff, GEORGE T. DUNLAP, IV, was employed by the Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., as a conductor.

6. At all pertinent times, Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., managed, maintained, and used as a portion of its railroad systems, a section of track in the area of Victory Way Road in Newberry, Michigan.

7. On July 27, 2004, at about 8:30 a.m. and at all pertinent times, Plaintiff, GEORGE T. DUNLAP, IV, was performing work for Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., in connection with or in furtherance of Defendants' business of interstate commerce and transportation.

8. In the course of his duties on July 27, 2004, and at all pertinent times, Plaintiff, GEORGE T. DUNLAP, IV, was required to work as a conductor on Defendants' local train #L54281-27 riding the point of car BFPX 1015.

9. On July 27, 2004, and at all pertinent times, Defendants' local train #L54281-27, which contained Plaintiff, GEORGE T. DUNLAP, IV, was traveling northbound approaching Victory Way Road, in Newberry, Michigan.

10. At that time, when Defendants' train #L54281-27 entered the Victory Way Road grade crossing, the lead car on which Plaintiff was riding the point was violently impacted by a vehicle traveling east on Victory Way Road.

11. As the result of the violent head-on collision between the eastbound car on Victory Way and Defendant's train #L54281-27 on July 27, 2004, Plaintiff, GEORGE T. DUNLAP, IV, sustained severe injuries to his right leg which required amputation.

12. On July 27, 2004, and at all pertinent times, it was the continuing duty of the Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL

RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., at the time and place in question, to provide Plaintiff, GEORGE T. DUNLAP, IV, with a reasonably safe place to work; to provide reasonably safe conditions in which to work; to provide adequate instruction, training, rules and procedures, to provide reasonably safe equipment; and an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

13. In violation of its duties, Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., by and through its employees and agents, negligently and carelessly failed to provide Plaintiff, GEORGE T. DUNLAP, IV, with a safe place to work by committing one or more of the following negligent acts or omissions:

(a). Failed to alert motorists when entering a public grade crossing by blowing the whistle;
(b). Failed to adequately train and instruct its employees;
(c). Failed to develop adequate methods and procedures for protecting moves through public grade crossings;
(d). Failed to develop adequate rules and procedures for protecting moves through public grade crossings;
(e). Failed to follow industry custom and practice;
(f). Failed to follow and enforce its rules and procedures;
(g). Failed to provide warning to motorists;
(h). Failed to adequately protect the move across the grade crossing;
(i). Otherwise failed to provide Plaintiff with a reasonably safe place to work.

14. Defendants' failure to provide Plaintiff GEORGE T. DUNLAP, IV, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

15. As a consequence, Plaintiff, GEORGE T. DUNLAP, IV, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, GEORGE T. DUNLAP, IV, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, GEORGE T. DUNLAP, IV, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff, GEORGE T. DUNLAP, IV, demands trial by jury.

WHEREFORE, Plaintiff, GEORGE T. DUNLAP, IV, demands judgment in his favor and against Defendants, WISCONSIN CENTRAL, LTD., WISCONSIN CENTRAL TRANSPORTATION CORPORATION, CANADIAN NATIONAL RAILWAY COMPANY, ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN-IC and CANADIAN NATIONAL RAILWAY COMPANY, a Railroad Corporation d/b/a WISCONSIN CENTRAL LTD., in a sum in excess of the jurisdictional minimum.

_____
Craig W. Church

HOEY & FARINA
542 South Dearborn
Suite 200
Chicago, IL 60605
(312) 939-1212

5

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.

**(a) PLAINTIFFS**
GEORGE T. DUNLAP, IV

**DEFENDANTS**
Wisconsin Central, Ltd., Wisconsin Central Trans Corp., Canadian National RR Co., IL Central Railroad Co. d/b/a IC, Canadian National RR Co., a Railroad Corp d/b/a Wisconsin Central Ltd.

**(b)** County of Residence of First Listed Plaintiff   DELTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____

Case: 2:07-cv-11596
Assigned To: Battani, Marianne O
Referral Judge: Morgan, Virginia M
Filed: 04-09-2007 At 09:21 AM
CMP: DUNLAP V. WISCONSIN CENTRAL LT
D ET AL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☒ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Action for damages for personal injuries under FELA 45 USC 51 by railroad employee against railroad employer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Excess of Jurisd. min.

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: January 22, 2007

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

...UANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____